## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term
### Grand Jury Sworn in on November 9, 2012

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 14-cr-_____** |
| | : | |
| | : | **Grand Jury Original** |
| **v.** | : | |
| | : | **Violations:** |
| | : | |
| | : | **18 U.S.C. § 1343 (Wire Fraud)** |
| **NICOLE L. SWEENEY,** | : | |
| | : | **D.C. Code §§ 22-3202, -3211 and** |
| | : | **-3212(a)** |
| **Defendant.** | : | **(Theft in the First Degree)** |
| | : | |
| | : | **D.C. Code §§ 22-3202, -3221(a) and** |
| | : | **-3222(a)(1)** |
| | : | **(Fraud in the First Degree)** |
| | : | |
| | : | **Criminal Forfeiture:** |
| | : | **18 U.S.C. § 981(a)(1)(C)** |
| | : | **28 U.S.C. § 2461(c)** |
| | : | **21 U.S.C. § 853(p)** |

### INDICTMENT

The Grand Jury charges that:

### COUNTS ONE THROUGH SIX
### (Wire Fraud)

### Entities and Individuals

1.     Non-Profit A ("NPA") was a non-profit organization whose headquarters were located in Washington, D.C. At all times relevant to this offense, NPA's mission was to lead, develop, and advocate for women of African American descent as they support their families and communities.

2.      From on or about March 31, 2008, to on or about April 22, 2009, defendant NICOLE L. SWEENEY ("SWEENEY") was NPA's Chief Financial Officer ("CFO").  As part of her duties as CFO, SWEENEY had access to and control of NPA's bank account at a PNC Financial Services Group, Inc. ("PNC Bank") branch located in Washington, D.C., account number ending in XXXXXX4158.

3.      Family member A was a close family member of SWEENEY.

4.      Family member B was a close family member of SWEENEY.

5.      Person C was a close associate of SWEENEY.

6.      At all times relevant to this offense, SWEENEY maintained a joint bank account, with Person C, at an Andrews Federal Credit Union ("Andrews FCU") branch, located in Maryland, account number ending in XXXXX7891.

7.      At all times relevant to this offense, Person C maintained a bank account at a Wachovia National Bank ("Wachovia") branch, located in Maryland, account number ending in XXXXXXXXX6295.

8.      At all times relevant to this offense, SWEENEY maintained a joint bank account, with Family member A at a Chevy Chase Bank, F.S.B. ("Chevy Chase Bank") branch, located in Maryland, account number ending in XXXXXX2471.

9.      At all times relevant to this offense, SWEENEY maintained an individual bank account at a Chevy Chase Bank branch, located in Maryland, account number ending in XXXXXX9349.

### The Scheme to Defraud

10.     From in or about June 2008 to in or about March 2009, SWEENEY knowingly and willfully devised and intended to devise a scheme to defraud NPA, and to obtain money and

2

property of NPA by means of materially false and fraudulent pretenses, representations, and promises. Between those dates, SWEENEY caused 10 wire transfers in the total amount of $47,227.08 to be sent from NPA's PNC Bank account to (a) the Andrews FCU joint account held by SWEENEY and Person C, (b) Person C's Wachovia bank account, (c) the Chevy Chase Bank joint bank account held by SWEENEY and Family member A, and (d) an auto repair shop to pay for a personal auto repair bill. These wire transfer payments were for the personal benefit of SWEENEY, including to benefit her family members and associates, and were not authorized by NPA. By means of these 10 wire transfers, SWEENEY defrauded NPA of a total of approximately $47,227.08.

11.     It was also part of the scheme that SWEENEY would transfer funds from NPA's PNC Bank account via electronic Automated Clearing House ("ACH") transfers to pay SWEENEY's personal and family bills. Between June 12, 2008, and March 24, 2009, SWEENEY caused 31 ACH transfers in the total amount of $12,384.18 to be sent from NPA's PNC Bank account to pay the personal bills of SWEENEY and her relatives on the following accounts: (a) an HSBC credit card in SWEENEY's name used for SWEENEY's personal expenses; (b) a Washington Gas joint account in SWEENEY's name providing service to her family residence in Rockville, Maryland; (c) a PEPCO account in SWEENEY's name providing service to her family residence in Rockville, Maryland; and (d) an AT&T account in the name of Family member B. These ACH transfers were for the personal benefit of SWEENEY, including to benefit her family members and associates, and were not authorized by NPA. By means of these 31 ACH transfers, SWEENEY defrauded NPA of a total of approximately $12,384.18.

12.     These wire transfers and ACH transfers from NPA's account were not authorized by NPA, were not part of any compensation to SWEENEY, and were not payment for any

products, services, and any other benefits provided by SWEENEY, Person C, Family member A,

Family member B and any other person. SWEENEY purported to undertake such transactions in

her professional capacity as CFO of NPA. In actuality, however, SWEENEY intended to, and

did, use such payments for her personal benefit and for the benefit of Person C, Family member

A, Family member B and other members of her family.

13.    In total, SWEENEY converted at least $59,611.26 of NPA's money for her own

personal use and benefit, including benefiting family members and associates.

14.    On or about the dates listed for each count below, in the District of Columbia and

elsewhere, for the purpose of executing the aforementioned scheme and artifice and attempting

to do so, SWEENEY did knowingly cause to be transmitted by means of wire communications in

interstate commerce, certain writings, signs, signals, and sounds specified below:

| Count | On or About Date | Wire Communication |
|---|---|---|
| 1. | 01/29/2009 | Interstate wire communication from NPA's PNC Bank account located in the District of Columbia for $2,652.81 transfer to Chevy Chase Bank joint bank account, with Family member A, located in Maryland, account number ending in XXXXXX2471. |
| 2. | 02/06/2009 | Interstate wire communication from NPA's PNC Bank account located in the District of Columbia for $4,833.00 transfer to Chevy Chase Bank joint bank account, with Family member A, located in Maryland, account number ending in XXXXXX2471. |
| 3. | 02/09/2009 | Interstate wire communication (ACH) from a NPA's PNC Bank account located in the District of Columbia for $120.44 transfer to a Pepco account located in North Carolina. |
| 4. | 02/09/2009 | Interstate wire communication (ACH) from NPA's PNC Bank account located in the District of Columbia for $195.60 transfer to a Washington Gas account located in Delaware. |
| 5. | 02/11/2009-02/12/2009 | Interstate wire communication (ACH) from NPA's PNC Bank account located in the District of Columbia for $520.06 transfer to a HSBC credit card account |

| | | located in Illinois. |
|---|---|---|
| 6. | 03/23/2009 – 03/24/2009 | Interstate wire communication (ACH) from NPA's PNC bank account located in the District of Columbia for $693.43 transfer to an AT&T account located in New York. |

**(Wire Fraud, in Violation of 18 United States Code, Section 1343)**

## COUNT SEVEN
### (First Degree Theft)

15.   Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference as if set out in full.

16.   Between in or about June 2008 to in or about March 2009, in the District of Columbia and elsewhere, NICOLE L. SWEENEY engaged in a scheme and systematic course of conduct to wrongfully obtain property of another, to wit, NPA, in a value exceeding $250, with the intent to deprive NPA of a right to the property and a benefit of the property and to appropriate the property to her own use.

**(Theft in the First Degree, in violation of Title 22, District of Columbia Code, Sections 3202, 3211, and 3212(a))**

## COUNT EIGHT
### (First Degree Fraud)

17.   Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference as if set out in full.

18.   Between in or about June 2008 to in or about March 2009, within the District of Columbia and elsewhere, NICOLE L. SWEENEY engaged in a scheme and systematic course of conduct with intent to defraud and to obtain property of NPA by means of false and fraudulent pretense, representation, and promise and thereby obtained property of a value of $250 or more

and caused the loss of property of a value of $250 or more belonging to NPA, consisting of money.

**(Fraud in the First Degree, in violation of Title 22, District of Columbia Code, Sections 3202, 3221(a), and 3222(a)(1))**

### FORFEITURE ALLEGATION

1.      Upon conviction of any of the offenses alleged in Counts One through Six, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).   The United States will seek a forfeiture money judgment against the defendant in the amount of at least $59,611.26.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;
(b)      has been transferred or sold to, or deposited with, a third party;
(c)      has been placed beyond the jurisdiction of the Court;
(d)      has been substantially diminished in value; or
(e)      has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

A TRUE BILL:

FOREPERSON

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

6